# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT WAYNE SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:12CV500 |
| | ) |
| DENNIS DANIELS, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted in the Untied States District Court for Eastern District of North Carolina a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody (Docket Entry 1), an application to proceed *in forma pauperis* (Docket Entry 2), a Motion for Appropriate Relief (Docket Entry 3), a Motion for Preparation of a Stenographic Transcript (Docket Entry 4), a Motion for Documents (Docket Entry 5), and two motions seeking appointment of counsel (Docket Entries 11, 13). The Eastern District transferred the matter to this Court for further proceedings because Petitioner is challenging convictions obtained in Forsyth County, which is located in this District. (Docket Entry 15.)

Upon review of the matter, the undersigned concludes that the case should be dismissed for the following reasons. Rule 4, Rules Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

A writ of habeas corpus may issue if a petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Under 28 U.S.C.

§§ 2241(c)(3) and 2254(a) the federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody." The custody requirement of § 2254 is not met when the prisoner is challenging an expired state sentence, even if the expired sentence has enhanced a current sentence. See Maleng v. Cook, 490 U.S. 488, 492 (1989). If a petitioner is not in custody on the challenged conviction, the Court lacks subject matter jurisdiction in the case. Id. at 494.

In this case, Petitioner seeks to attack convictions from the Forsyth County Superior Court in cases "99026108" and "990226109," which Petitioner reports were entered on August 4, 1999 according to the "transcript." (Docket Entry 1, § 2.) However, Petitioner denies that he was convicted on that date. He also claims that the charges were then dismissed after he served 15 days of a sentence, but were somehow reinstated later. He contends that he was then convicted again and given a much longer sentence of 9 to 11 years of imprisonment on February 15, 2000. He reports that the longer sentence was vacated in 2002, before he was eventually released in 2003. (Docket Entry 9 at 1.) Petitioner also states that he is currently serving a sentence of "21 years, 9 months, 25 days" in an unrelated case from 2005. (Docket Entry 1, § 18.)

Even taking all of the facts alleged by Petitioner as somehow being true, he is not currently in custody on the convictions he seeks to challenge. Simple mathematical calculations reveal that sentences of either 15 days entered in 1999 or 9 to 11 years entered in 2000 would have long since expired. Further, the North Carolina Department of Public Safety's website reports that a person by the name of "Robert W. Smith," prisoner number 0379410, was convicted on August 4, 1999 in Forsyth County in cases 99026108 and 99026109 and sentenced to probation. It also shows that the same person was convicted on February 15, 2000 in the cases of 99041663 and 99037782 and sentenced to 10 years to 12 years and 9 months in prison. That longer sentence was vacated and

Petitioner was released on November 25, 2002. He is currently serving two consecutive habitual felon sentences that he received after being convicted in 2005. See http://www.doc.state.nc.us/offenders (search for prisoner number "0379410" last completed May 23, 2012). Therefore, although the State's records appear to be somewhat at odds with Petitioner's account of events, they do confirm that he is no longer serving any sentence for the convictions he received in 1999 or 2000. For this reason, he does not meet § 2254's custody requirement. This remains true even if his earlier sentences are somehow being used to enhance his current sentences. The Court finds that Petitioner is not in custody for the challenged convictions and that it lacks jurisdiction over this habeas petition because Petitioner has not satisfied the custody requirement.

*In forma pauperis* status will be granted for the sole purpose of entering this order and recommendation. All of Petitioner's other pending motions will be denied for being moot.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this order and recommendation.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appropriate Relief (Docket Entry 3), Motion for Preparation of a Stenographic Transcript (Docket Entry 4), Motion for Documents (Docket Entry 5), and Motions to Appoint Counsel (Docket Entries 11, 13) are denied for being moot.

**IT IS RECOMMENDED** that this action be dismissed *sua sponte* pursuant to Rule 4, Rules Governing Section 2254 Cases.

        /s/ L. Patrick Auld
        **L. Patrick Auld**
        **United States Magistrate Judge**

Date: May 24, 2012